**Nicholas J. Henderson, OSB#074027**
nhenderson@portlaw.com
Motschenbacher & Blattner, LLP
117 SW Taylor St., Suite 200
Portland, OR 97204
Telephone: (503) 417-0508
Facsimile: (503) 417-0528

UNITED STATES BANKRUPTCY COURT

DISTRICT OF OREGON

| | |
|---|---|
| In re:<br><br>STEPHANY MOODY<br><br>Debtor. | Case No. 12-35465-rld11<br><br>OBJECTION TO CONFIRMATION OF DEBTOR'S CHAPTER 11 PLAN |

Randy and Stephanie Richardson (the "Richardsons"), by and through their attorney, Nicholas J. Henderson and Motschenbacher & Blattner, LLP, respectfully submit the following Objection to Confirmation of the Debtor's Chapter 11 Plan.

**ARGUMENT**

The Richardsons object to confirmation of the Debtor's Chapter 11 Plan as presently drafted. In its current form, the Plan has several problems: 1) the Plan misconstrues the extent of the Richardsons' lien; 2) the Plan contains a proposed injunction to protect the Debtor's spouse, Gary Moody, which violates 11 U.S.C. § 524(e); and 3) the Plan does not comply with any of the three requirements of §1129(b)(2)(A), and thus cannot be confirmed over the Richardsons' vote to reject the Plan. Therefore, the Court must deny confirmation of the Debtor's Plan unless and until the Debtor proposes a plan consistent with Code requirements.

**1. The Plan incorrectly characterizes the nature of the Richardsons' lien.**

The Richardsons' lien arose from litigation to determine the extent and nature of the partnership between the Debtor, the Debtor's husband, and the Richardsons. The Richardsons' and the Moodys' partnership owned and operated a vacation rental house in Arch Cape Oregon (the "Property"). Plaintiffs' filed suit to resolve their dispute with the Defendants, and ultimately a stipulated judgment and Money Award was entered by Clackamas County Circuit Court (the "Award"). Over the course of eight pages, the Award addressed the winding up and management of the Property post-judgment. After entry by the Clackamas County Circuit Court, the Award was subsequently entered in Clatsop County as well.

Entering the Award in Clackamas County created a judgment lien on all of the Debtor's real property located in Clackamas County. ORS 18.150(2)(a). By recording the Award in Clatsop County, the Richardsons' obtained a lien on all of the Debtor's real property located in that county as well. ORS 18.150(1). The Richardsons' lien securing payment of the judgment therefore extends to the Debtor's interest (as well as her spouse's) in the following parcels of real property:

- 23177 Stafford Road, Wilsonville, Oregon;
- 31921 Cottage Lane, Arch Cape, Oregon;
- 31931 Ocean Lane; Arch Cape, Oregon;
- 31941 Cottage Lane; Arch Cape, Oregon
- 80026 Pacific Road, Arch Cape, Oregon;[1]
- 886 Ninth St., Lake Oswego, Oregon.

The Debtor's Plan proposes to extinguish the Richardsons' lien on all of the above properties in exchange for the surrender of the Debtor's interest in the 80026 Pacific Road property, and the Debtor's interest in the partnership that owns the Property.

---

[1] The "Property" located at 80026 Pacific Road, Arch Cape, Oregon, is the property owned by the partnership in which the Moodys and the Richardsons are partners. Pursuant to ORS 67.060, the Property is owned by the partnership, not by the Moodys or the Richardsons. The property is listed here in an abundance of caution.

Page 2 – OBJECTION TO CONFIRMATION OF DEBTOR'S CHAPTER 11 PLAN

The Plan mischaracterizes and misunderstands the extent of the Richardsons' lien. The First Amended Chapter 11 Disclosure Statement characterizes the Richardsons' lien as "against the partnership assets of Seahorse by common law judgment lien statutes." Disclosure Statement pg. 7. The Plan proposes to treat the Richardsons' claim as follows: "The class 7 creditor's claim is impaired. The Debtor shall surrender the real property securing the claim to the Richardsons and shall cooperate in surrendering her interest in the partnership with the Richardsons." Plan at p. 9, ¶ g. The Disclosure Statement purports that the lien extends only to the partnership assets, while the Plan says that it extends to only "the real property," which pieces of real property are unspecified by the Plan.

Confirmation of the Plan should be denied until the Debtor can accurately describe the treatment of the Richardsons' lien, which extends to all of the Debtor's interest in real property in Clatsop and Clackamas counties, and not just the Debtor's partnership interest.

**2. The Plan's injunction to protect Gary Moody violates 11 U.S.C. §524(e).**

The Plan attempts to do more than simply surrender the Debtor's partnership interest to the Richardsons in satisfaction of their claim against the Debtor. It also seeks a release in favor of Debtor's husband, Gary Moody. See Plan Art. IV, ¶ g. Debtor is seeking to discharge the obligations of her non-filing affiliate in contravention of 11 U.S.C. §524(e).

Section 524(e) states that "[e]xcept as provided in subsection (a)(3) of this section, discharge of a debt of the debtor does not affect the liability of any other entity on, or the property of any other entity for, such debt". Subsection (a)(3) deals with community property debts that are not at issue in this case. Thus, there is no basis for the Debtor's attempt to affect the Richardson's judgment against Gary Moody.

While the language of §524(e) is plain, the Ninth Circuit has explicitly held that a Chapter 11 Plan cannot provide permanent injunctive relief for non-debtor third-parties. *In re American Hardwoods Inc.*, 885 F. 2d 621 (9th Cir. 1989). Thus, the Court does not have the power to permanently enjoin the Richardsons from enforcing their judgment against Gary Moody, and the Plan cannot be confirmed with the provisions proposing to provide such relief.

3. **The Plan does not comply with any of the three requirements of § 1129(b)(2)(A), and therefore cannot be confirmed over the Richardsons' vote to reject the Plan.**

The Richardsons have submitted a ballot rejecting the Debtor's Plan. Thus, to confirm the Plan without the Richardsons' acceptance, the Debtor's Plan must satisfy the requirements of 11 U.S.C. § 1129(b). To satisfy § 1129(b) with respect to Class 7—the class for the Richardsons' secured claim—the Plan must provide:

> (i)(I) that the holders of such claims retain the liens securing such claims, whether the property subject to such liens is retained by the debtor or transferred to another entity, to the extent of the allowed amount of such claims; and
>
> (II) that each holder of a claim of such class receive on account of such claim deferred cash payments totaling at least the allowed amount of such claim, of a value, as of the effective date of the plan, of at least the value of such holder's interest in the estate's interest in such property;
>
> (ii) for the sale, subject to section 363(k) of this title, of any property that is subject to the liens securing such claims, free and clear of such liens, with such liens to attach to the proceeds of such sale, and the treatment of such liens on proceeds under clause (i) or (iii) of this subparagraph; or
>
> (iii) for the realization by such holders of the indubitable equivalent of such claims.

11 U.S.C. § 1129(b)(2)(A).

Debtor's Plan does not provide any of requirements of § 1129(b)(2)(A), and therefore cannot be confirmed over the Richardsons' objection.

As shown above in Section 1, the Richardsons' lien extends to all real property interests of the Debtor located in Clackamas and Clatsop counties. The plan does not propose to allow the

Page 4 – OBJECTION TO CONFIRMATION OF DEBTOR'S CHAPTER 11 PLAN

Richardsons to retain their lien, nor does the Plan provide for deferred cash payments to the Richardsons in the amount of their claim.  Thus, the Plan does not satisfy § 1129(b)(2)(A)(i).

Although the plan proposes to sell the Debtor's various interests in real property—many of which secure the Richardsons' claim—the Plan does not provide that the Richardsons will retain a lien on the proceeds of the sales, or provide the treatment of such lien on the proceeds.  Thus, the Plan does not comply with § 1129(b)(2)(A)(ii).

Under § 1129(b)(2)(A)(iii), confirmation over the objection of a secured creditor is permissible if the objecting creditors realize the "indubitable equivalent" of their claims.  "The determination of whether a . . . distribution will provide the creditor with the indubitable equivalence of its secured claim must be made on a case-by-case basis," *In re Arnold & Baker Farms*, 85 F.3d 1415, 1421 (9th Cir. 1996).  The Ninth Circuit has recognized two components of an indubitably equivalent substitute: it must both "compensate for present value" and "insure the safety of the principal."  *Crocker Nat'l Bank v. Am. Mariner Indus., Inc. (In re Am. Mariner Indus., Inc.),* 734 F.2d 426, 433 (9th Cir.1984).  Neither of these two components are satisfied.

The Debtor's Plan fails the indubitable equivalence test, as the Richardsons' lien is currently secured by real property with a value of $3,353,900, that is currently encumbered by $2,372,524 of secured debt, leaving equity of $981,376.[2]  The Debtor's Plan proposes to extinguish the Richardsons' claim and liens in exchange for a transfer of the Debtor's interest in the partnership.  The partnership's primary asset is the Property, described above.  The Property does not have enough equity to satisfy the amount of the Richardson's claim, and thus does not adequately compensate the Richardsons for the present value of their secured claim.  Because the Debtor's Plan fails to satisfy the requirements of § 1129(b)(2)(A), it cannot be confirmed.

---

[2] These figures were obtained from the Debtor's schedules.  The Richardsons reserve the right to dispute these figures.

Page 5 – OBJECTION TO CONFIRMATION OF DEBTOR'S CHAPTER 11 PLAN

**CONCLUSION**

Debtor's plan cannot be confirmed as it does not comply with the applicable provisions of Title 11. The Plan mischaracterizes the security held by the Richardsons, wrongfully proposes to insulate the Debtor's husband from liability in contravention of 11 U.S.C. §524(e), and does not provide the Richardsons with the indubitable equivalent of their claim. Confirmation of the Debtor's Plan must be denied.

Dated: April 17th, 2013                    /s/ Nicholas J. Henderson
                                                                      Nicholas J. Henderson, OSB #074027
                                                                      Attorney for Randy and Stephanie Richardson

Case 12-35465-rld11    Doc 82    Filed 04/17/13

## CERTIFICATE OF SERVICE

I hereby certify that on April 17, 2013, I served the foregoing OBJECTION TO CONFIRMATION OF DEBTOR'S CHAPTER 11 PLAN on the following by mailing first class, postage prepaid, to the following:

CLC Services on behalf of: ETrade Bank
PO Box 94982
Cleveland, OH 44101

PNC Bank
POB 94982
Cleveland, OH 44101

THE FOLLOWING WERE SERVED ELECTRONICALLY THROUGH ECF/PACER:

- JESSE A BAKER     jbaker@piteduncan.com, ecforb@piteduncan.com
- NICHOLAS J HENDERSON     nhenderson@portlaw.com, csturgeon@portlaw.com;sdoberneck@portlaw.com;tsexton@portlaw.com
- ERIC A MARSHACK     ecfor@rcflegal.com
- MICHAEL D O'BRIEN     enc@orbankruptcy.com, bob@orbankruptcy.com;hugo@orbankruptcy.com
- PATRICK L STEVENS     pstevens@eugene-law.com, elynch@eugene-law.com,lmiller@eugene-law.com
- US Trustee, Portland     USTPRegion18.PL.ECF@usdoj.gov
- RYAN M VANDEN BRINK     ryan@intelekia-law.com, raife@intelekia-law.com
- CAROLYN G WADE     carolyn.g.wade@doj.state.or.us

        MOTSCHENBACHER & BLATTNER, LLP

        /s/ Nicholas J. Henderson
        Nicholas J. Henderson, OSB #074027
        Attorney for Randy and Stephanie Richardson